UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: CHRISTOPHER E. PADILLA and
LORI R. PADILLA,

No. 7-09-15203 JR

Debtors.

LORI R. PADILLA,

Plaintiff,

v.

Adversary No. 10-1098 J

PRESTIGE FINANCIAL and
STATEWIDE RECOVERY, LLC,

Defendants.

## MEMORANDUM OPINION

THIS MATTER is before the Court on the Motion to Dismiss Adversary Proceeding ("Motion to Dismiss") filed by Defendant Prestige Financial Services ("Prestige"), by and through its attorneys of record, Poli & Ball, P.L.C. (James E. Shively). Defendant Statewide Recovery, LLC ("Statewide") joined in the Motion to Dismiss. *See* Joinder in Prestige Financial Services['] Motion to Dismiss Adversary Proceeding [Docket No. 5] ("Joinder") – Docket No. 7. Plaintiff filed this adversary proceeding against Prestige and Statewide asserting that Defendants' actions in repossessing Plaintiff's vehicle were in contempt of the order granting Prestige's motion for relief from stay entered in Plaintiff's bankruptcy case on June 7, 2010 and further constituted a willful violation of the automatic stay entitling Plaintiff to damages, including actual damages, punitive damages, and attorney's fees, costs, and expenses. *See* Complaint for Contempt of Court and Willful Violation of Automatic Stay ("Complaint").

In its Motion to Dismiss, Prestige asserts that the automatic stay terminated by operation of law before the entry of the order granting relief from the automatic stay so that Defendants'

actions which occurred fewer than fourteen days after the entry of the order granting relief from the automatic stay cannot constitute a willful stay violation. Consequently, Prestige requests the Court to dismiss the Complaint in accordance with Rule 7012(b), Fed.R.Bankr.P., for failure to state a claim upon which relief can be granted. Plaintiff opposes the Motion to Dismiss, arguing 1) that 11 U.S.C. § 521(a)(2) is inapplicable to converted chapter 7 cases; 2) that because 11 U.S.C. § 362(h) terminates the automatic stay based on non-compliance with which 11 U.S.C. §521, automatic termination cannot occur under 11 U.S.C. § 362(h) in a converted case; and 3) that by submitting an order granting relief from the automatic stay Prestige waived its right to argue that the automatic stay terminated by operation of law.[1]

After consideration of the Motion to Dismiss, the Plaintiff's response thereto, and Prestige's reply, and being otherwise sufficiently informed, the Court finds that the automatic stay terminated by operation of law pursuant to 11 U.S.C. § 362(h) upon Plaintiff's failure to timely file a Statement of Intention within thirty days of the date of the meeting of creditors in her converted chapter 7 case. Further, *In re Duran*, 483 F.3d 653 (10th Cir. 2007) is persuasive Tenth Circuit authority for the proposition that the time period under Rule 4001(a)(3), Fed.R.Bankr.P., which stays an order granting a motion for relief from the automatic stay for fourteen days after the entry of the order, does not prevent the automatic termination of the stay by operation of law under an applicable section of the Bankruptcy Code. The Court will, therefore, grant the Motion to Dismiss.

MOTION TO DISMISS STANDARD

A motion to dismiss for failure to state a claim is governed by Rule 12(b)(6), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7012, Fed.R.Bankr.P. In

---

[1] Plaintiff filed her Response to Motion to Dismiss on September 27, 2010. *See* Docket No. 10. Prestige filed its Reply to Response to Motion to Dismiss Adversary Proceeding on October 18, 2010. *See* Docket No. 12.

considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well pleaded facts and evaluates those facts in the light most favorable to the plaintiff. *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). To survive a motion to dismiss, the plaintiff's complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The function of a motion to dismiss for failure to state a claim upon which relief can be granted is to test the law of the claim, not the facts which support it. *In re Manelos*, 337 B.R. 409, 412 (Bankr.D.N.M. 2006)(citing *In re Bunker Exploration Co.*, 42 B.R. 297, 299 (Bankr.W.D. Okla. 1984)(citation omitted)).

In evaluating a motion to dismiss for failure to state a claim, the Court may consider matters that are subject to judicial notice, such as the docket of the debtor's bankruptcy case, without having to convert the motion to dismiss into a motion for summary judgment.[2] The Court takes judicial notice of the documents filed in Plaintiff's bankruptcy case.

## BACKGROUND

Plaintiff filed a voluntary petition under Chapter 13 of the Bankruptcy Code on November 13, 2009, as Case No. 13-09-15203 JR ("Bankruptcy Case"). Plaintiff converted her Bankruptcy Case to Chapter 7 on April 12, 2010. *See* Bankruptcy Case, Docket No. 33. Her bankruptcy schedules list a debt to Prestige secured by a lien against a 2005 Hyundai Sonata

---

[2] *See Tal v. Hogan,* 453 F.3d 1244, 1265 n.24 (10th Cir. 2006)(noting that "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment.")(citations omitted). Matters subject to judicial notice include facts "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Federal Rule of Evidence 201. *See also, Rose v. Beverly Health and Rehabilitation Services, Inc.,* 356 B.R. 18, 22 and 23 (E.D.Cal. 2006), *aff'd,* 295 Fed.Appx. 142 (9th Cir. 2008)(unpublished)(court could take judicial notice of the debtor's schedules in deciding motion to dismiss, noting that "a district court may take judicial notice of public records related to legal proceedings in both state courts and in the district court.")(citation omitted); *In re Theatre Row Phase II Associates,* 385 B.R. 511, 520 (Bankr.S.D.N.Y. 2008)(stating that "[i]n a bankruptcy case, the court can take judicial notice of all of the documents filed in the case although it must not make factual findings about disputed facts from those documents."). The few facts contained in the Plaintiff's schedules that the Court has relied upon in this Memorandum Opinion are not in dispute.

("Vehicle."). *See* Bankruptcy Case, Docket No. 10, Schedule D. On the date of conversion, the vehicle was property of the estate. *See* 11 U.S.C. § 348(f)(1)(A).[3] On May 3, 2010, Prestige filed a Motion for Relief from Automatic Stay with respect to the Plaintiff's vehicle. *See* Bankruptcy Case, Docket No. 46. The first date set for the meeting of creditors in the converted chapter 7 case was May 25, 2010, and the meeting was held and concluded on that date. *See* Bankruptcy Case, Docket No. 34.

The Order for Relief from the Automatic Stay ("Order") granting Prestige's Motion for Relief from Automatic Stay was entered on June 7, 2010. *See* Bankruptcy Case, Docket No. 52. Rule 4001(a)(3), Fed.R.Bankr.P. provides that orders granting relief from the automatic stay are "stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." The Order did not contain any language indicating that the court ordered otherwise. *See* Complaint, Facts and Allegations, ¶ 13; Answer to Complaint for Contempt of Court and Willful Violation of Automatic Stay ("Answer"), ¶ 5.

Prestige repossessed the Plaintiff's Vehicle on June 9, 2010. *See* Motion, p. 2. Plaintiff filed a Statement of Intention in her Bankruptcy Case on June 14, 2010. *See* Bankruptcy Case, Docket No. 54. Plaintiff did not file a motion requesting an extension of the time within which to file a Statement of Intention.

---

[3] Section 348(f) provides, in relevant part:
> . . . when a case under chapter 13 of this title is converted to a case under another chapter under this title –
> (A) Property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion.
> 11 U.S.C. §348(f)(1)(A).

DISCUSSION

1.  Bankruptcy Code § 521(a)(2)(A) applies in converted chapter 7 cases.

Plaintiff first points out that 11 U.S.C. § 521(a)(2)(A) does not apply in chapter 13 cases, and asserts that 11 U.S.C. § 521(a)(2)(A) likewise does not apply in cases commenced under chapter 13 that convert to chapter 7. While the Court agrees that 11 U.S.C. § 521(a)(2)(A) does not apply to a case pending under chapter 13, the Court disagrees with Plaintiff's assertion that that the statute does not apply in converted chapter 7 cases.

Pursuant to 11 U.S.C. § 521(a)(2), an individual debtor in a case pending under chapter 7 liable on a debt scheduled as secured by property of the estate must file a Statement of Intention indicating whether the debtor intends to retain, redeem, or surrender property of the estate subject to a creditor's lien. That section provides, in relevant part:

> (2) if an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate—
> (A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property.
> 11 U.S.C. § 521(a)(2)(A).

Because the Plaintiff is an individual proceeding under Chapter 7 of the Bankruptcy Code with a scheduled debt to Prestige secured by a Vehicle that was property of the estate upon conversion of the case to chapter 7, she was required to file a Statement of Intention in the converted chapter 7 case. 11 U.S.C. § 521(a)(2).[4] Plaintiff in fact filed a Statement of Intention in her converted

---

[4]*See also, In re Quillen*, 2008 WL 2778881, at *2 n.6 (Bankr.D.Md. July 14, 2008)(noting that "Rule 1019 provides significant detail as to how a case filed under chapter 11 or 13 is to proceed when converted to Chapter 7. For example, [after conversion to chapter 7] a debtor need not re-file his previously submitted schedules and statements, but must file a statement of intention under 521(a)(2) if so required."); *In re Sanabria,* 317 B.R. 59, 61 (8th Cir. BAP

-5-

chapter 7 case, but did not file it within thirty days of the conversion date or before the first date set for the meeting of creditors in the converted chapter 7 case.

> 2. <u>The automatic stay termination provisions of 11 U.S.C. § 362(h) apply when a debtor fails to file a Statement of Intention on or before the date of the Section 341(a) meeting in the converted chapter 7 case.</u>

Plaintiff further argues that the automatic stay termination provisions of 11 U.S.C. § 362(h) do not apply, reasoning that even though she failed to file her Statement of Intention within the time periods provided under Rule 1019(1)(B), Fed.R.Bankr.P., her Statement of Intention was not untimely in relation to a time period set forth in 11 U.S.C. § 521(a)(2). In other words, because 11 U.S.C. § 362(h) expressly limits automatic termination of the stay to the failure to comply with the applicable time period set forth under 11 U.S.C. § 521(a)(2), which the Plaintiff asserts is, by its own terms, tied to a date that will never occur in her case (i.e., the date of filing of a *petition under chapter 7*), Plaintiff concludes that 11 U.S.C. § 362(h)(1) is inapplicable. The applicability of 11 U.S.C. § 362(h)(1) to a case converted to chapter 7 appears to be an issue of first impression in a reported decision.

Pursuant to 11 U.S.C. § 362(h), the automatic stay terminates upon the failure of a debtor to timely file the Statement of Intention and thereafter timely taking such action indicated in the Statement of Intention. That section provides, in relevant part:

> In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, . . . and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2) –
> (A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property . . . .
> (B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action . . .

---

2004)(decided before the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), but presuming that, following the conversion of debtor's case from Chapter 13 to Chapter 7, the debtor was required to file a statement of intention under §521, and affirming the bankruptcy court's decision to grant relief from the automatic stay based on a finding that the debtor had no equity in the vehicle).

11 U.S.C. § 362(h)(1).[5]

Rule 1019, Fed.R.Bankr.P., provides that upon the conversion of a case from Chapter 13 to Chapter 7, the Statement of Intention, if required, must be filed "within 30 days after entry of the order of conversion or before the first date set for the meeting of creditors, whichever is earlier." Rule 1019(1)(B), Fed.R.Bankr.P. As discussed above, Plaintiff was required to file a Statement of Intention in the converted chapter 7 case. Her Statement of Intention, which was filed more than thirty days after the date of conversion of the case to chapter 7 and after the date first set for the meeting of creditors in the converted case, was untimely under Rule 1019(1)(B), Fed.R.Bankr.P. But to determine whether the stay automatically terminated under 11 U.S.C. § 362(h) based on the failure to timely file a Statement of Intention, the Court must consider the meaning of the following statutory language: "applicable time set by section 521(a)(2)." 11 U.S.C. §362(h)(1).

A statute should be construed, if it can be prevented, so that no clause, sentence, or word shall be superfluous, meaningless, redundant or insignificant. *Rosillo-Puga v. Holder*, 580 F.3d 1147, 1165-66 (10th Cir. 2009)(quoting *TRW Inc. v. Andrews,* 534 U.S. 19, 31, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001) and *Bridger Coal Co./Pac. Minerals, Inc. v. Dir. Office of Workers' Comp. Programs,* 927 F.2d 1150, 1153 (10th Cir. 1991)). "Statutory interpretation begins with the words Congress has chosen." *Fort Peck Housing Auth. v. U.S. Dept. of Housing and Urban Dev.*, 367 Fed.Appx. 884, 889 (10th Cir. 2010). If the language of the statute has a plain and unambiguous meaning with respect to the matter in dispute and the statutory scheme is coherent and consistent, the inquiry ceases. *Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 450, 122

---
[5]Subsection (1) of 11 U.S.C. §362(h) "does not apply if the court determines, on the motion of the trustee filed before the expiration of the applicable time set by section 521(a)(2), after notice and a hearing, that such personal property is of consequential value or benefit to the estate . . ." 11 U.S.C. § 362(h)(2). The Chapter 7 Trustee did not file a motion under 11 U.S.C. § 362(h)(2) in this case.

-7-

S.Ct. 941, 950, 151 L.Ed.2d 908 (2002)(citations omitted). To ascertain whether the statute has a plain and unambiguous meaning, the court should consider the specific context in which the language is used, the broader context of the statute as a whole, and the structure and subject matter of the statute. *Carpio v. Holder*, 592 F.3d 1091, 1098 (10th Cir. 2010)(citations omitted). "But if an ambiguity confuses the statute's meaning, or irrational results arise from the statute's literal wording, we apply additional interpretive tools to ascertain and give effect to Congress's intent. Such tools include consideration of the statute's history and purpose as well as statutory canons of construction." *Fort Peck Housing Auth.*, 367 Fed.Appx. at 889 (internal citations and quotations omitted).

To give effect to the language in question, the Court will begin by reviewing the language of 11 U.S.C. § 362(h)(1) together with 11 U.S.C. § 521(a)(2)(A). Section 362(h)(1) provides for automatic termination of the stay "if the debtor fails [to file a required Statement of Intention] within the applicable time set by section 521(a)(2)." Section 521(a)(2)(A) provides that a required Statement of Intention must be filed "within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier . . . " 11 U.S.C. § 521(a)(2)(A). In a converted chapter 7 case commenced under a different chapter, there is no petition filed under chapter 7.[6] Consequently, the time period set by 11 U.S.C. § 521(a)(2)(A) measured from the date of filing of a petition under chapter 7 is simply inapplicable to Plaintiff's converted chapter 7 case. The other time period specified in 11 U.S.C. § 521(a)(2)(A) is: "on or before the date of the meeting of creditors." 11 U.S.C. § 521(a)(2)(A). Upon conversion to chapter 7, a meeting of creditors is set for the

---

[6] *See* 11 U.S.C. § 301(a)("A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter . . ."). *See also,* 11 U.S.C. § 348(a)("Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but . . . does not effect a change in the date of the filing of the petition . . .").

-8-

chapter 7 case.[7] Thus, in a converted chapter 7 case in which no chapter 7 petition has been filed, the "the applicable time set by section 521(a)(2)[A]" contained in 11 U.S.C. § 362(h)(1) necessarily refers to a date that is on or before date of the meeting of creditors in the converted case because such time is the only time contained in 11 U.S.C. § 521(a)(2)(A) applicable to the converted case.

This construction of 11 U.S.C. § 521(a)(2)(A) and § 11 U.S.C. § 362(h) is consistent with the time periods contained in Rule 1019(B), Fed.R.Bank.P.[8] and fits coherently within the broader context of the statutory scheme as a whole and the purpose of § 11 U.S.C. § 362(h). Section 362(h)(1) was added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. The purpose of 11 U.S.C. § 362(h)(1) is to enforce the requirements of 11 U.S.C. § 521(a)(2)(A) by terminating the stay by operation of law upon a failure to comply.[9] This purpose applies equally in chapter 7 cases irrespective of the chapter under which the case was commenced. Nothing in the Bankruptcy Code suggests that debtors who file under Chapter 13 but later convert to Chapter 7 should be given any greater protection from the application of 11 U.S.C. §362(h) than debtors who initially file under Chapter 7. Accordingly, Plaintiff's failure

---

[7] *See* 11 U.S.C. § 348(a)("Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes and order for relief under the chapter to which the case is converted . . ."); 11 U.S.C. § 341 ("Within a reasonable time after the order for relief in a case under this title, the United States trustee shall convene and preside at a meeting of creditors.").

[8] Both Rule 1019(1)(B), Fed.R.Bankr.P. , and 11 U.S.C. § 521(a)(2) tie the deadline for filing the statement of intention to thirty days (following the order of conversion to Chapter 7, or following the petition date if the case is initially filed under a Chapter 7), or before the first date set for the meeting of creditors, whichever is earlier. *See* 11 U.S.C. §521(a)(2)(A)("[W]ithin thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier . . ."); and Rule 1019(1)(B), Fed.R.Bankr.P. ("If a statement of intention is required, it shall be filed within 30 days after entry of the order of conversion or before the first date set for the meeting of creditors, whichever is earlier . . ."). The only difference is that the 30-day period in 11 U.S.C. § 521(a)(2)(A) presumes that the case was initially filed under chapter 7, so the period runs from the date of the petition, whereas Rule 1019(1)(B) applies to a case originally commenced under a different chapter but converted to chapter 7, so the period runs from the date of conversion.

[9] *See In re Donald*, 343 B.R. 524, 534 (Bankr.E.D.N.C. 2006)(noting that "the 'apparent purpose' of 362(h) is to 'encourage debtor compliance with section 521,' and the statutes should be construed together in order to give effect to both.")(quoting 3 Collier on Bankruptcy, ¶ 352.10A, at 361-120 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2006)).

to timely file a Statement of Intention on or before date of the meeting of creditors in her converted chapter 7 case resulted in the termination of the automatic stay by operation of 11 U.S.C. § 362(h).[10]

  3. <u>Submission and entry of a stay relief order after termination of the stay by operation of law does not preclude actions taken while the stay relief order itself is stayed.</u>

Plaintiff argues Prestige's submission and the Court's subsequent entry of an order terminating the stay as to Plaintiff's Vehicle after the stay otherwise would have terminated by operation of law precluded Plaintiff from repossessing the Vehicle until the fourteen-day stay of the stay relief order expired. The fourteen-day stay of an order granting relief from the automatic stay arises under Rule 4001(a)(3), Fed.R.Bankr.P.[11] This argument also falls short.

*In re Duran*, 483 F.3d 653 (10th Cir. 2007) is persuasive authority for the proposition that because the automatic stay terminated by operation of law, Defendants' actions in repossessing Plaintiff's Vehicle taken after the entry of the order granting relief from stay but before the

---

[10]*Cf. In re Blixseth,* 2010 WL 3222537, at *3 (Bankr.D.Mont. August 16, 2010)(stating that "[s]ubsection 521(a)(2) plainly applies only in the context of Chapter 7 and thus, §362(h) was not triggered until Debtor's case was converted to Chapter 7" and finding further that "[t]he language of 362(h) is not ambiguous. Stay relief takes place by operation of law on the terms and conditions specified in 11 U.S.C. §362(h)."); *In re Hoisington,* 383 B.R. 369, 372 (Bankr.D.S.C. 2008)(concluding that the stay terminated by operation of law upon the debtor's failure to comply with the requirements of §521(a), so that no stay prevented the creditor from exercising its remedies against its collateral); *In re Conley,* 2009 WL 4349931, at *1 (Bankr.N.D.Cal. Nov. 23, 2009)(finding that the stay terminated by operation of law upon debtor's failure to perform her stated intention and noting that under 362(h)(1), the stay is terminated if the debtor fails to file a statement of intention); *Noland v. HSBC Auto Finance, Inc. (In re Baine),* 393 B.R. 561, 564 and 565 (Bankr.S.D.Ohio 2008)(stating that "[t]here is now a direct linkage between a debtor's failure to perform a statement of intention and termination of the automatic stay . . . created by the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005" and explaining that §362(h) "clarifies that if a debtor does not file his or her statement of intention or follow through on it within the time periods codified in § 521(a)(2) . . . the automatic stay terminates with respect to the subject property and the property is no longer property of the estate."); *In re McFall,* 356 B.R. 674, 677 (Bankr.N.D.Ohio 2006)(concluding that the stay terminated upon debtor's failure to comply with the requirements of §362(h)(1)(A)); *In re Record,* 347 B.R. 450, 452 (Bankr.M.D.Fla. 2006)(noting that "[i]f the debtor fails to state his intention under §521(a)(2)(A), or if the debtor fails to act under §521(a)(2)(B), then the automatic stay imposed by §362(a) is terminated pursuant to §362(h)(1)(A) or §362(h)(1)(B).").

[11] Rule 4001(a)(3), Fed.R.Bankr.P. provides:
  *Stay of Order.* An order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise.
  Rule 4001(a)(3), Fed.R.Bankr.P.

-10-

expiration of the fourteen day period provided under Rule 4001(a)(3), Fed.R.Bankr.P., did not violate the automatic stay. In *Duran*, the creditor filed a motion for relief from the automatic stay on November 9, 2004. Thirty days later, the bankruptcy court entered an order granting relief from the automatic stay. The creditor repossessed the debtor's truck nine days later. The debtor then filed a motion for contempt, claiming that the creditor's repossession of the truck fewer than ten days after the order granting relief from the automatic stay violated Rule 4001(a)(3).[12] The Tenth Circuit affirmed the bankruptcy court's determination that the stay created under Rule 4001(a)(3), Fed.R.Bankr.P., was not applicable because the automatic stay imposed by 11 U.S.C. § 362(a) terminated automatically under 11 U.S.C. § 362(e), where the court had not conducted a hearing within the applicable thirty-day period and had not otherwise conditioned the automatic stay or ordered that the automatic stay be continued. The court reasoned that "the termination of the automatic stay under § 362(e) is a substantive right" and that " because [28 U.S.C.] § 2075 provides that such 'rules shall not abridge, enlarge, or modify any substantive right,'" the extension provided under Rule 4001(a)(3) "properly cannot be read to stay the termination of an automatic stay beyond the thirty day stay duration mandated  by § 362(e)." *Duran*, 483 F.3d at 657. Therefore, because the automatic stay terminated by operation of law as mandated by 11 U.S.C. § 362(e), the creditor's action in repossessing the truck before the expiration of the period proscribed under Rule 4001(a)(3) following entry of a stay relief order did not violate the automatic stay. *Id*.

      The reasoning in *Duran* is applicable to the facts present in the instant dispute. Prestige, through its agent, Statewide, repossessed the Plaintiff's Vehicle before the expiration of the fourteen-day period provided under Rule 4001(a)(3), Fed.R.Bankr.P., but such action occurred when the automatic stay had already terminated by operation of law under 11 U.S.C. § 362(h).

---

[12] The time period under Rule 4001(a)(3), Fed.R.Bankr.P., in effect when *Duran* was decided was ten days.

-11-

Rule 4001(a)(3), Fed.R.Bankr.P. cannot operate to stay the termination of the stay by operation of 11 U.S.C. § 362(h). Consequently, the actions of Prestige and Statewide did not violate the automatic stay.

Plaintiff also asserts that by obtaining an order granting relief from the automatic stay, Prestige waived its right to assert that the automatic stay otherwise terminated by operation of law. Under New Mexico law, the elements of waiver are 1) an existing right; 2) knowledge of that right; and 3) the voluntary intention to relinquish or surrender that right. *Yates v. American Republics Corp.*, 163 F.2d 178, 179 (10th Cir. 1947).[13] While a waiver may be either express or implied, "to constitute implied waiver, there must be unequivocal and decisive acts or conduct of the party clearly evincing an intent to waive, or acts or conduct amounting to an estoppel on his part." *Id*. at 180 (citations omitted). Ordinarily, whether a party's actions demonstrate an unequivocal intent to waive a known right is a question of fact. *Id.* Here, the only action on the part of Prestige is its pursuit of an order granting its motion for relief.

"In some contexts, mere failure to assert a statutory right is enough to effect a waiver." *In re Wilcox*, ___ B.R. ___, 2010 WL 3501841, at *3 (Bankr.D.Colo. September 7, 2010)(citing *United States v. Gomez*, 67 F.3d 1515, 1519-20 (10th Cir. 1995)(right to speedy trial under Speedy Trial Act waived by party's failure to assert such right)). But here, before Prestige submitted the stay relief order, the stay already had terminated by operation of law, and the property Prestige later repossessed already was no longer property of the bankruptcy estate.[14] The Court finds that whether Prestige knew that the stay had already terminated by operation

---

[13] *See also, State v. Padilla,* 132 N.M. 247, 254, 46 P.3d 1247, 1254 (2002)(stating that "'[a] waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege' which must be made in a knowing and voluntary manner.")(quoting *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)); *In re Salopek,* 137 N.M. 47, 49, 107 P.3d 1, 4 (Ct.App. 2004)("Common law waiver is an 'intentional relinquishment or abandonment of a known right.'")(quoting *J.R.Hale Contracting Co. v. United N.M. Bank,* 110 N.M. 712, 716, 799 P.2d 581, 585 (1990)).

[14] *See* 11 U.S.C. § 362(h)(1)(". . . such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)-- . . . to file timely any statement of intention . . .").

-12-

law when it submitted and obtained the stay relief order is irrelevant. Regardless of Prestige's intentions, its submission of an order granting its motion for relief from stay and the entry of that order did not "undo" or otherwise reinstate the stay that already had terminated by operation of law. Plaintiff cannot sustain a claim for willful violation of the automatic stay under 11 U.S.C. § 362(k)(1) because Prestige's actions took place when the automatic stay was no longer in effect and the property at issue no longer constituted property of the bankruptcy estate. For the same reasons, Plaintiff's request to hold Prestige in contempt for violating the Order by failing to wait for the order to become effective also fails.

## CONCLUSION

Having determined that repossession of Plaintiff's Vehicle did not violate the automatic stay, the Court need not address the issue of whether Prestige is liable for the actions of its agent, Statewide. Although Plaintiff may have certain claims against Defendants under state law, this Court need not decide those claims. The dismissal of Plaintiff's adversary proceeding does not preclude Plaintiff from pursuing whatever remedies against Prestige and Statewide that may otherwise exist under applicable nonbankruptcy law. A separate order consistent with this memorandum opinion will be entered.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: November 16, 2010

COPY TO:

**R.Trey Arvizu, III**
Attorney for Lori R. Padilla
PO Box 1479
Las Cruces, NM 88004-1479

-13-

**James E. Shively**
Attorney for Prestige Financial Services
2999 N 44th St Ste 500
Phoenix, AZ 85018-7252

**William F. Davis**
**Andrea Steiling**
Attorneys for Statewide Recovery LLC
6709 Academy NE, Suite A
Albuquerque, NM 87109